## Richmond

### THE AETNA CASUALTY AND SURETY COMPANY V. LARRY L. GOLDMAN, ET AL.

November 24, 1976.

Record No. 760096.

Present, All the Justices.

*Richard M. Swope (Williams, Worrell, Kelly & Greer*, on briefs), for plaintiff in error.

*Ronald H. Marks (White & Marks*, on brief), for defendants in error.

Per Curiam.

The narrow issue presented by this appeal is whether the insured plaintiffs sustained their burden of proving that their loss occurred while coverage under the policy of insurance here at issue was in effect. Each of the parties, at the conclusion of the evidence, moved for summary judgment. The trial court dismissed the jury and awarded the plaintiffs, Larry L. Goldman and Marcia F. Goldman, summary judgment for $5,000 in their action against Aetna Casualty and Surety Company (Aetna) for loss of a 1.95 carat diamond insured under an all risk inland marine insurance policy issued by Aetna covering the plaintiffs' scheduled personal property and jewelry, including a "bug pin" set with the missing diamond, from December 10, 1973 to December 10, 1976.

Only one witness, Marcia F. Goldman, testified at trial. Her testimony shows that she took her jewelry, including the "bug

pin", to Tidewater Lapidary in Norfolk on June 9, 1973, where it was appraised by William R. Pope. Pope's written appraisal, introduced in evidence without objection, valued the "yellow gold insignificant looking bug pin set with a very fine quality diamond weighing approx. 1.95 cts. (round, fairly well cut, fine white color, seemingly flawless)" at $5,000. Pope fixed the total value of the other six pieces of jewelry which he examined at $8,050. Mrs. Goldman testified that she remained in the shop while Pope made his appraisal. She then returned the jewelry to her home in Virginia Beach where she placed it in a floor safe located in a bedroom closet. She said only the plaintiffs knew the combination to that safe.

When the Goldmans contacted Aetna's agent to obtain insurance coverage in December, 1973, Mrs. Goldman says that she offered to have the jewelry reappraised but was advised by the agent that this was unnecessary.

On July 23, 1974, Mrs. Goldman, who had decided to have the diamond in the "bug pin" replaced by an opal, again took the pin to Tidewater Lapidary. There a "Mr. Garrett" discovered that the stone set in the pin was not a diamond but a worthless piece of glass. Mrs. Goldman said that she examined the pin and could not detect that it had been tampered with. The Goldmans promptly reported their loss to the police and to Aetna.

Mrs. Goldman testified that she had observed no evidence that either the Goldmans' dwelling or their safe had been forcibly entered between June 9, 1973, and July 23, 1974, and that she could not recall wearing the pin during that time. Her evidence, however, was that the pin was kept with her other jewelry and was removed from the safe with that jewelry from time to time when she obtained jewelry to wear.

It is fundamental that the insured, in an action on an insurance policy, has the burden of proving that the loss occurred while the policy was in force and effect. Couch on Insurance 2d § 79:435; 45 C.J.S. *Insurance* § 886.

While the plaintiffs' evidence establishes that a loss occurred, it does not establish that it occurred while the policy was in effect. This evidence establishes that it was equally, if not more, probable that the loss occurred prior to the effective date of the policy than after it became effective. In such circumstances the plaintiffs have failed to carry their burden of proof that their loss occurred while the policy was in effect. The trial court

should have awarded summary judgment to Aetna, not to the plaintiffs.

For these reasons the judgment of the trial court will be set aside and final judgment will be entered here for Aetna.

*Reversed and final judgment.*