## CIRCUIT COURT OF THE CITY OF RICHMOND

Roy Burcher et al.

v.

Chubb Group
of Ins. Companies et al.

Case No. (Chancery) HE-571-3

By Judge T. J. Markow

November 18, 1994

This matter is before the court on cross motions for summary judgment filed by the intervenor-Plaintiff, Virginia State Bar, and by the defendant, Federal Insurance Company. The plaintiffs join in the Bar's motion for summary judgment.

In an effort to protect clients who had money stolen from them by Virginia attorneys, the Virginia State Bar purchased a policy of theft insurance from the defendant Federal which was in effect from March 1, 1991, to February 28, 1992. Each plaintiff claims that the same Virginia attorney stole money from them during the policy period and have made claims under the policy. Their claims total approximately $1.8 million.

At issue is whether the $250,000 limit of liability is the total amount of money available to pay *all* claims or whether that is the limit applicable to *each* claim; *i.e.*, whether the limits are "per lawyer" or "per claim." Federal concedes that the claims are covered under the policy and has paid to the Virginia State Bar $250,000. It contends this is the full extent of its liability.

Each party focuses on the same policy section in support of its position and each says that the language is clear and unambiguous and is subject to interpretation by the court without need for further evidence. That language is found in the "Limits of Liability" section of the policy in paragraph 4.1(A) which provides:

The payment of any loss under this policy shall not reduce the liability of the Company for other losses; provided, however, that the maximum liability of the Company shall not exceed the dollar amount set forth in Item 2 of the Declaration, "Limits of Liability." [sic]

(A) applicable to Insuring Clause 1 *for any loss or losses caused by any partner(s) or employees(s)* is (are) concerned or implicated, either resulting from a single act or any number of such acts, regardless of when during the policy period of this ruling or prior thereto, such acts occurred [emphasis added].

"Insuring Clause 1" refers to losses occurring from theft. Endorsements cause the terms "partner(s) or employee(s)" to be read "Lawyer." The clause modified by the endorsements is paraphrased to state that Federal's maximum liability shall not exceed $250,000 for *any loss or losses* caused by any lawyer or in which any lawyer is concerned or implicated, either resulting from a single act or any number of such acts.

The Virginia State Bar says that "any loss caused by any lawyer" means the same as each loss caused by each lawyer. Federal argues that the words "any loss caused by any lawyer" means all losses caused by a lawyer are subject to the same limit.

The court agrees with the parties that the language is subject to interpretation without the need for evidence. It is also aware of the legions of cases requiring construction of insurance policies strictly against insurance companies and in favor of policy holders. See 10A Michie's Jurisprudence, *Insurance*, § 25. It cannot, however, make the language fit the Virginia State Bar's interpretation.

It argues that at worst, the provision is ambiguous and should be construed as providing "per claim" coverage. The Virginia State Bar says and cites numerous cases and dictionary definitions that the word "any" may be either singular or plural. Construing "any" as it modifies "loss" as singular, it means that the $250,000 limit applies to each loss caused by a lawyer. What this interpretation ignores, however, is that the term "any loss" is followed by the word "losses" which dictates an interpretation that the limit applies to any one and all losses caused by a lawyer. Should this not be the construction, the words "or losses" would be superfluous. No construction should be given that eliminates words from a contract.

Further, the clause explains that the limit is applicable whether "resulting from a single act or any number of such acts" and irrespective of when such acts occurred during the policy period. Read together, this policy can

be construed only one way; *i.e.*, that the $250,000 is the total amount available to cover all losses suffered from theft by any one lawyer during the policy period. This contract is unambiguous, and Federal's liability is limited to $250,000.

The court's interpretation of the contract is consistent with that of Federal, and Federal's motion for summary judgment will be granted.

## August 26, 1996

The Intervenor, Virginia State Bar, has moved this court for partial summary judgment. The Bar has asked for declaratory judgment that the insurance policy at issue covers thefts by a Virginia lawyer which arose out of an attorney-client relationship between the lawyer and the claimant or a related fiduciary relationship between the lawyer and the claimant. Further, the Bar has asked for declaratory judgment that, under the Policy, the individual plaintiff claimants bear the burden of proving that their losses occurred during the period while the Policy was in force and effect. Having reviewed the issues and memoranda submitted, the court grants the motion for partial summary judgment.

As outlined in the Bar's Memorandum in Support of Motion for Summary Judgment, the language of the Policy, specifically that contained in Section 3.1, as modified and amended by Endorsement 3, when read in accordance with rules of construction, limits the subject matter covered by the Policy. Reading this section together with the definitions used in the Policy, the court finds that the Policy covers thefts by a Lawyer which arose out of an attorney-client relationship between the lawyer and the claimant or a related fiduciary relationship between the lawyer and the claimant.

As to the second issue, as argued by the Bar, it is fundamental that, in an action on an insurance policy, the insured has the burden of proving that the loss occurred while the policy was in force and effect. *Aetna Casualty & Surety Co. v. Goldman*, 217 Va. 419, 420 (1976). In this case, the burden falls to the individual claimants to show that they are covered by this Policy, including a showing that their loss occurred while the Policy was in force and effect.

For the reasons outlined above, the court will prepare and enter an order granting the summary judgment sought by the Bar.